# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

**STEPHENNIE LYNN PLUMMER,**

    **Plaintiff,**

**v.**         Civil Action Nos. 1:17-03920

**MCDOWELL COUNTY, WEST VIRGINIA,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 7), filed on September 11, 2017. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On September 1, 2017, Plaintiff, acting *pro se* and a pretrial detainee in confinement at Southwestern Regional Jail in Holden, West Virginia, filed her letter-form Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 1.) Plaintiff names the McDowell County, West Virginia as the Defendant. (Id.) Plaintiff alleges that she is being "detained, arraigned, and incarcerated without proper investigation by Micheal D. Brooks, Jr., Trooper of Welch, West Virginia." (Id., p. 1.) Plaintiff explains that she has been charged with Attempted Murder, Domestic Assault – 2nd, Obstruction, and Driving Suspended. (Id., p. 2.) Plaintiff

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1

complains that Trooper Brooks "went on words of my ex that I've had an abusive relationship with for almost 5 years." (Id., p. 1.) Plaintiff states that even though she "text[ed] a threat after a text was sent threatening [her], freedom of speech does exist [and] it's only a crime when it becomes an action, which had not happened." (Id.) Plaintiff further complains that she was never Mirandized. (Id.) Next, Plaintiff complains that "the way the Government, police, and correctional officers treat humans incarcerated, especially women, is unacceptable." (Id., p. 2.) As relief, Plaintiff requests that she be released from custody because she is "innocent" and due to the "lack of evidence." (Id.)

On September 5, 2017, the Court received additional documentation from Plaintiff in support of her claims. (Document No. 4.) Plaintiff again complains that her constitutional rights are being violated because she has been charged with Obstruction, Attempted Murder, Driving Suspended, and Domestic Assault – 2nd based only on hearsay from her "ex", Gregory Lee Wilkins. (Id.) Plaintiff states that she had a "5 year drug related relationship, abusive," with Mr. Wilkins. (Id.) Plaintiff states that Trooper Brooks conducted an inadequate investigation, arrested her "on false charges [and] set an excessive bond on these false charges knowing I cannot pay." (Id.) As relief, Plaintiff requests "release and reprimand and Trooper Micheal D. Brooks, Jr.'s badge." (Id.) By letter dated the same day, the Clerk's Office advised Plaintiff that her civil action was not filed on the proper form and directed Plaintiff to complete a form Complaint. (Document No. 3.)

On September 11, 2017, Plaintiff filed her Application to Proceed Without Prepayment of Fees (Document No. 7) and two form Complaints (Document Nos. 5 and 6.) In her form Complaints, Plaintiff names the following as additional Defendants: (1) The Administrator of the Southwestern Regional Jail ["SWRJ"]; (2) McDowell State Trooper Micheal D. Brooks, Jr.; (3)

Captain Salter, SWRJ; (4) Gregory Lee Wilkins, Kimball, West Virginia; (5) McDowell [County] Prosecutor Office; and (6) McDowell [County] Magistrate Court. (Id.) In her first form Complaint, Plaintiff alleges that Defendants "did not Mirandize, violated my human rights, sexist, [and] wrongful doing." (Document No. 5.) In her second form Complaint, Plaintiff alleges that the SWRJ Administrator, Captain Slater, and Trooper Brooks are improperly detaining her in violation of her "human rights." (Id., p. 4.) Plaintiff appears to contend that SWRJ Administrator, Captain Slater, Trooper Brooks, the McDowell County Prosecutor's Office, and the McDowell County Magistrate are "racist [and] sexist" and have engaged in "wrongful doing" and "mail tampering." (Id.) Next, Plaintiff alleges that her "ex," Gregory Lee Wilkins, violated her "human rights," engaged in "wrong doing," and falsely filed a report. (Id.) As relief, Plaintiff requests that she be released from custody, the criminal charges be dismissed, and Defendants be reprimanded for their misconduct. (Id., p. 5.) As Exhibits, Plaintiff attaches a copy of the following: (1) A copy of the "Magistrate Court Jail Commitment Order" dated August 13, 2017 (Document No. 6-1, p. 2.); and (2) A copy of the "Criminal Complaint" as filed in the Magistrate Court of McDowell County, West Virginia (Id., pp. 3 – 4.).

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827,

3

1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities

secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1. **Improper Parties:**

   *(a)   McDowell County Magistrate Court:*

As stated above, to state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. In Monell, the Supreme Court recognized that municipalities and municipal officials sued in an official capacity are suitable "persons" for such purposes. Monell, 436 U.S. at 690, 98 S.Ct. at 2035. The Supreme Court, however, later clarified that states, state agencies, or state officials sued in their official capacities cannot be sued for damages under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). Accordingly, the undersigned finds that McDowell County Magistrate Court must be dismissed because it is not a "person" as required by Section 1983.

### *(b)* *Gregory Lee Wilkins:*

Next, Plaintiff alleges that Defendant Gregory Lee Wilkins violated her constitutional rights by giving false statement. Again, to state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The Court finds that Defendants Wilkins is not a "state actor." Although Defendant Wikins is a witness, and may be called as a witness for the State at trial, he is not a "state actor" for purposes of Section 1983. "[P]rivate citizen witnesses are not 'state actors' . . . under § 1983." Nelson v. Thornsbury, 2010 WL 1038509 (S.D.W.Va. Jan. 12, 2010); also see Hall v. Watson, 2007 WL 1447755 (D.S.C. May 11, 2007)(finding that a detective "testifying as a witness at the preliminary hearing, was not a state actor.") Thus, Plaintiff cannot pursue a Section 1983 claim against Defendant Wilkins.

### 2. **Challenge to State Criminal Charges:**

Plaintiff, a pretrial detainee, alleges that Defendants are violating her constitutional rights by holding her in custody and prosecuting[2] her based upon "false charges." Plaintiff further

---

[2] To the extent Plaintiff is asserting a claim of malicious prosecution, the undersigned finds that she has failed to state a claim. The Fourth Circuit has stated that "there is no such thing as a § 1983 malicious prosecution claim" because Section 1983 "is not itself a source of substantive rights..." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000), *cert. denied*, 531 U.S. 1130, 121 S.Ct. 889, 148 L.Ed.2d 797 (2001); *Baker v. McCollan*, 443 U.S. 137, 144, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). In the context of a claim for malicious prosecution, the Fourth Circuit recognizes that an appropriate Section 1983 claim is "a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution." *Lambert*, 223 F.3d at 262 (*citing Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996)). Furthermore, the United States Supreme Court recently recognized an individual's Fourth Amendment right to be free from unreasonable seizure continues beyond legal process so as to allow a malicious prosecution claim based upon the Fourth Amendment. *Manuel v. City of Joliet*, ___ U.S. ___, 137 S.Ct. 911, 197 L.Ed.2d 312 (2017). To state a Section 1983 malicious prosecution claim for a seizure in violation of the Fourth Amendment, the defendant must have

complains that the Magistrate Court set an excessive bail. It appears that on August 13, 2017, a Criminal Complaint was filed in the Magistrate Court of McDowell County charging Plaintiff with Domestic Assault – Second Offense, Driving Suspended, Attempted Murder, and Obstruction. Plaintiff contends that the charges are false because there is insufficient evidence. Plaintiff states that the only evidence that supports the charges is "hearsay from my ex, Gregory Lee Wilkins." Plaintiff, however, acknowledges that she is "guilty of driving suspended" and that she "did text a threat" to Mr. Wilkins. As relief, Plaintiff requests that the Court release her from custody, order the dismissal of the pending criminal charges, and reprimand Defendants for their alleged misconduct.

It is clear that Plaintiff is requesting that this Court dismiss charges filed against her in State Court. The undersigned finds that the Court should abstain from interfering with pending State charges. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). "Under the *Younger*-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "*Younger* abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and

---

"seized plaintiff pursuant to legal process that was not supported by probable cause and the criminal proceeding [must] have terminated in plaintiff's favor." *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)(*citing Brooks*, 85 F.3d at 183-85)). It is well recognized that one element of a malicious prosecution claim is that the criminal proceedings have terminated in the plaintiff's favor. *See Wallace v. Kato*, 549 U.S. 384, 390, n .2, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)(*citing, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). In the instant case, Plaintiff has not alleged the element that State court criminal proceedings have been resolved in her favor. Thus, any claim of malicious prosecution would be premature at this time.

(3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996). A court should disregard *Younger's* mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). To prevail under the bad faith exception, petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The undersigned finds that the *Younger* abstention doctrine applies in the instant case. First, Plaintiff is clearly involved in ongoing State criminal proceedings. Second, a pending State criminal proceeding clearly involves an important State interest. The State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. See Kelly v. Robinsion, 479 U.S. 36, 49, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986)("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") Third, the matters in controversy are on-going and Plaintiff will have an adequate opportunity to present her claims in the state court proceedings.

See Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996)(Generally, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). "[T]he key question is whether the state allows [the defendant] to raise [her] objections, not whether the state agrees with those objections." Nivens, 444 F.3d at 243. Concerning the alleged violation of her federal constitutional rights, Plaintiff will be able to asserts such claims in her State court criminal proceedings. Concerning her claim of excessive bail, Plaintiff has a statutory right under West Virginia law to appellate review of the amount of bail or the discretionary denial of bail. W. Va. Code § 62-1C-1(c)("The amount of bail or the discretionary denial of bail at any stage of the proceedings may be reviewed by summary petition first to the lower appellate court, if any, and thereafter by summary petition to the supreme court of appeals or any judge thereof."); also see Lazarus v. Baca, 389 Fed.Appx 700, 700-01 (9th Cir. 2010)(applying *Younger* abstention where petitioner had opportunity to raise her excessive bail claim before the state court). Finally, Plaintiff has failed to allege sufficient facts to establish the applicability of the bad faith exception. Specifically, there is no indication that Plaintiff is being prosecuted "without a reasonable expectation of obtaining a valid conviction." In fact, Plaintiff admits she is guilty of driving suspended and that she did send a threatening text message to the alleged victim. Thus, the foregoing does not indicate that prosecution was brought without a reasonable expectation of obtaining a valid conviction. Accordingly, the undersigned recommends that this Court abstain from hearing the above claim.[3]

---

[3] Although Section 1983 actions for damages are ordinarily stayed pending the outcome of criminal proceedings warranting *Younger* abstention, the undersigned finds that a stay of the instant case is not appropriate as Plaintiff does not request monetary damages. In the instant case, Plaintiff requests that this Court dismiss the criminal charges, order her release from custody, and reprimand Defendants for their misconduct. *See Wallace v. Kato*, 549 U.S. 384, 393, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

3. **Conditions of Confinement:**

Next, Plaintiff states that "the way . . . correctional officers treat humans incarcerated, especially women, is unacceptable." The undersigned views Plaintiffs' Complaint as attempting to set forth a claim challenging the conditions of her confinement. Constitutional claims by a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment's prohibition against cruel and unusual punishment that applies to convicted inmates. Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). The Fourth Circuit has explained as follows:

> While a convicted prisoner is entitled to protection only against "cruel and unusual" punishment, a pretrial detainee, not yet found guilty of any crime, may not be subject to punishment of any description. However, not every hardship encountered during pretrial detention amounts to "punishment" in the constitutional sense. In order to establish that a particular condition or restriction of detention constitutes constitutionally impermissible "punishment" a detainee must show either 1) an "expressed intent" to punish or 2) a lack of a reasonable relationship "to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred."

Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1980). The analysis of conditions of confinement claims under the Fourteenth Amendment shares much in common with the Eighth Amendment approach. Jeffers v. McKinley, 2009 WL 961938 (S.D.W.Va. April 6, 2009). "Only governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment." Young v. City of Mount Rainier, 238 F.3d 567, 574 (4th Cir. 2001)(quoting County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). Similarly, only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Thus, under the

Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.")(quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)). The Eighth Amendment, however, "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard, and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). Thus, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)).

Plaintiff's general allegation that "the way . . . correctional officers treat humans incarcerated, especially women, is unacceptable," is insufficient to state a claim. As stated above, to state a constitutional claim in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard, and

11

(2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. In the instant case, Plaintiff does not allege any "sufficiently serious" deprivation. There is no indication that confinement conditions amount to a deprivation of a human necessity or "shocks the conscience." Further, Plaintiff does not allege prison officials were aware of any deprivation and deliberately disregarded such. Therefore, the undersigned finds that Plaintiff has failed to state a claim under the Fourteenth/Eighth Amendment for which relief can be granted.

**4.     Mail Tampering:**

Finally, Plaintiff alleges that prison officials are "tampering" with her mail. Plaintiff, however, does not explain how prison officials are improperly "tampering" with her mail. Prison inmates have a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407-08, 109 S.Ct. 1874, 1878-79, 104 L.Ed.2d 459 (1989). Limitations or restrictions upon inmates' constitutional rights, however, are permissible if they are "reasonably related to legitimate penological interests." Shaw v. Murphy, 532 U.S. 223, 229, 121 S.Ct. 1475, 1479, 149 L.Ed.2d 420 (2001)(quoting Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); Turner, supra, 482 U.S. at 89, 107 S.Ct. at 2261; Thornburgh, supra, 490 U.S. at 407, 109 S.Ct. at 1878-79; Lovelace v. Lee, 472 F.3d 174, 199 (4th Cir. 2006). It is well recognized that prison officials may inspect all incoming prisoner mail in furtherance of the state's interest in barring the entry of contraband into a prison. Wolff v. McDonnell, 418 U.S. 539, 574-77, 94 S.Ct. 2963, 2983-85, 41 L.Ed.2d 935 (1974). Additionally, a search of outgoing mail is permissible for security purposes, such as searching for contraband or escape plans. Altizer v. Deeds, 191 F.3d 540, 549 (4th Cir. 1999)("Because there is a substantial governmental interest in

censoring certain material from an inmate's outgoing mail, e.g., materials detrimental to the security, good order, and discipline of the institution, or dangerous to the public, there is a fortiori a legitimate penological interest in opening and inspecting an inmate's outgoing mail for such material."); also see Matherly v. Andrews, 859 F.3d 264, 283 (4th Cir. 2017)(Consistent with the First Amendment, prison officials may "censor outgoing non-legal mail for material that either threatens the public or stymies the treatment of Adam Walsh Act detainees."): United States v. Cook, 457 Fed.Appx. 285, 286 (4th Cir. 2011)("[T]he search of [defendant's] outgoing mail by jail officials did not violate the Fourth Amendment."). To the extent Plaintiff is claiming that prison officials are violating her First Amendment rights by inspecting her incoming and outgoing mail, Plaintiff has failed to state a claim.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 7), **DISMISS** Plaintiff's Complaints (Document Nos. 1, 4, 5, and 6) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court

specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 21, 2017.

Omar J. Aboulhosn
United States Magistrate Judge